UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AVA F. LOFGREN,

    Plaintiff,                                 Case No. 8:21-cv-02084

v.

MIDLAND CREDIT MANAGEMENT INC.,

    Defendant.
_____/

## COMPLAINT

**NOW COMES** Ava F. Lofgren ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of Midland Credit Management Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") *et seq.* and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida, Defendant conducts business in the Middle District of Florida, and Defendant maintains significant business contacts in the Middle District of Florida.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age, who at all times relevant resided in the Middle District of Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by to Florida Statute §559.55(8).

8. Defendant is a third-party debt collector with its principal office located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108..

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. Defendant is a "consumer collection agency" as defined by Florida Statute §559.55(3)

## FACTS SUPPORTING CAUSES OF ACTION

11. Prior to events giving rise, Plaintiff applied and obtain multiple lines of credit through several different financial agencies ("subject debts").

12. Due to the ongoing global pandemic caused by Covid-19, Plaintiff became unemployed and began experiencing financial hardship.

13. Subsequently thereafter, Defendant acquired the rights to collect the subject debts.

14. There are nine consumer accounts totaling $61,826 placed in Defendant's office for collection.

15. In April 2020, Plaintiff began receiving collection calls to her cellular phone number (727) XXX-6220, from Defendant attempting to collect on the subject debts.

16. At all relevant times, Plaintiff is the sole subscriber, owner, possessor, and operator of the cellular phone number ending in 6220.

17. Shortly after the passing of her mother in August 2020, Plaintiff became overwhelmed with the numerous amount of telephone calls Defendant were placing to her cellular telephone.

18. In August 2020, Plaintiff answered Defendant's call and requested that all calls cease.

19. Furthermore, Plaintiff shared her experiences dealing financial hardship, passing of a family member and the overwhelming amount of phone calls were insufferable.

20. Notwithstanding Plaintiff's requests for Defendant to cease contacting her, Defendant placed or caused to be placed numerous calls to Plaintiff's cellular phone between August 2020 and the present day.

21. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling her multiple times in one day, and on back-to-back days in an attempt to coerce Plaintiff into making a payment.

22. Frustrated over Defendant's conduct, Plaintiff sought legal counsel regarding her rights, with the hope of ending the harassing attacks and unfair practices by Defendant.

## DAMAGES

23. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. In addition, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

26. Concerned about the violations of her rights Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. The alleged subject debts are "debts" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debts after it was allegedly in default. 15 U.S.C. §1692a(6).

31. Defendant used the telephone to attempt to collect the subject debts and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant violated 15 U.S.C. §1692c(a)(1), d, d(5) and f through its unlawful debt collection practices.

    a. **Violations of FDCPA §1692c**

33. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop calling her. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her

was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debts.

34. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions and on back-to-back days. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA §1692d

36. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debts.

37. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

38. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debts with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone without Plaintiff's consent.

### c. Violations of FDCPA §1692f

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on subject debts by continuously calling Plaintiff through harassing means.

Defendant repeatedly placed numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

40. Moreover, Defendant had been told by Plaintiff to stop calling her multiple times. Nevertheless, it persisted with its phone call campaign in contacting her, and knew that its conduct was inconvenient and harassing to Plaintiff.

41. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on debts through never-ending harassing phone calls to the phones of consumers in an attempt to collect on debts.

**WHEREFORE**, Plaintiff, AVA F. LOFGREN, respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Enjoin Defendant from continuing to contact Plaintiff;
   c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

43. At all times relevant to this action, Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

44. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

45. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute §559.55(6).

### a. Violations of FCCPA §559.72(7)

46. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

47. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff demanded that Defendant stop calling her. Defendant ignored Plaintiff's request and continued to place numerous harassing phone calls to Plaintiff's cellular phone.

48. Defendant's actions show that it was their specific goal to harass and annoy Plaintiff enough to the induce her to make a payment even after being put on notice that Plaintiff would no longer like to receive phone calls from Defendant.

49. This repeated behavior of systematically calling Plaintiff's phone, in spite of her demands, in an attempt to collect debts was harassing and abusive. Such contacts were

8

made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

50. Plaintiff told Defendant that its calls to her cellular phone were not welcomed and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were inconvenient to her to harass and abuse Plaintiff.

**WHEREFORE**, Plaintiff, AVA F. LOFGREN, requests that this Honorable Court:

    a. Enter judgment in Plaintiff's favor and against Defendant;
    b. Enjoin Defendant from further communicating with Plaintiff;
    c. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
    d. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
    e. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);
    f. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and
    g. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 30, 2021                                  Respectfully Submitted,


                                                                                   */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq., *Of Counsel*
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*